```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
```

```
UNITED STATES OF AMERICA     . Criminal No. 13-cr-00233-SJF
                             .
         Vs.                 .
                             . 100 Federal Plaza
                             . Central Islip, NY
MONICA OWENS,                .
                             . DATE: January 14, 2014
. . . . . . . . . . . . . . .
```

```
              TRANSCRIPT OF GUILTY PLEA
           BEFORE HONORABLE WILLIAM D. WALL
              UNITED STATES MAGISTRATE JUDGE
```

**FILED**
**CLERK**
4/28/2014

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES:


For USA:              UNITED STATES ATTORNEYS OFFICE
                      Eastern District of New York
                      By: MICHAEL P. CANTY, ESQ.
                      271 Cadman Plaza East
                      Brooklyn, NY   11201


For Defendant:        FEDERAL DEFENDERS OF NEW YORK, INC.
                      BY:  RANDI L. CHAVIS, ESQ.
                      460 Federal Plaza
                      Central Islip, NY   11722


Proceedings recorded by electronic sound recording, transcript
             produced by transcription service.
_____

**TRACY GRIBBEN TRANSCRIPTION, LLC**
**27 Beach Road, Unit 4**
**Monmouth Beach, NJ  07750**
**(732) 263-0044    Fax No. 732-865-7179**
**800 603-6212**
**www.tgribbentranscription.com**

1                        I N D E X
2
3
4  WITNESS                    COURT
5  MONICA OWENS                 4
6
7                                          PAGE
8  PLEA/COURT                                14
9
10 EXHIBIT
11 COURT-1    Plea Agreement                 3
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1             THE CLERK:  Calling case 13-cr-233, United States of
2    America against Mona Owens.  Counsel, please state your
3    appearance on the record.
4             MR. CANTY:  On behalf of the United States, Michael
5    Canty, good afternoon, Your Honor.
6             THE COURT:  Mr. Canty.
7             MS. CHAVIS:  Randi Chavis, Federal Defenders, on
8    behalf of Ms. Owens.  And Your Honor, this is Garcel Talus
9    (phonetic), she's a law student at Touro who is interning with
10   our office this semester.
11            THE COURT:  Welcome.  Okay, Judge Feuerstein had
12   referred this matter to us for plaintiff allocution.  Does your
13   client consent to my jurisdiction for that purpose?
14            MS. CHAVIS:  Yes, Your Honor.
15            THE COURT:  And I'm presented with a plea agreement
16   which we will mark as Court Exhibit 1.  Have you reviewed that
17   with Ms. Owens?
18            MS. CHAVIS:  Yes, I have, Your Honor.
19            THE COURT:  And she understands it?
20            MS. CHAVIS:  Yes.
21            THE COURT:  And that's her signature and yours on the
22   last page?
23            MS. CHAVIS:  Yes.
24            THE COURT:  Thank you.  Okay, Ms. Owens, can you hear
25   me?

1   THE DEFENDANT: Yes.

2   THE COURT: Before accepting your guilty plea there
3 are a number of questions I must ask you to assure that it is a
4 valid plea. If you do not understand any of my questions,
5 please say so, and I'll reword the question. Okay?

6   THE DEFENDANT: Okay.

7   THE COURT: Would you please stand up.

8            DEFENDANT, MONICA OWENS, SWORN

9   THE COURT: Okay, you can have a seat.

10 EXAMINATION BY THE COURT:

11 Q   Ms. Owens, do you understand that having been sworn, your
12 answers to my questions will be subject to the penalties of
13 perjury, or of making a false statement if you do not answer
14 truthfully?

15 A   Yes.

16 Q   How old are you, ma'am?

17 A   43.

18 Q   And what schooling or education have you completed?

19 A   Bachelors Degree.

20 Q   Have you had any difficulty in communicating with Ms.
21 Chavis?

22 A   No.

23   THE COURT: Ms. Chavis, have you had any difficulty
24 in communicating with Ms. Owens?

25   MS. CHAVIS: No, Your Honor.

1  Q    Ms. Owens, are you presently or have you been recently
2  under the care of a physician or psychiatrist?
3  A    No.
4  Q    In the past 24 hours, have you taken any narcotic drug,
5  medicine or pills, or drank any alcoholic beverages?
6  A    No.
7  Q    Have you ever been hospitalized or treated for narcotic
8  addiction?
9  A    No.
10 Q    Is your mind clear?
11 A    Yes.
12 Q    Do you understand what's going on here today?
13 A    Yes.
14          THE COURT:  Ms. Chavez, have you discussed this
15 matter with your client?
16          MS. CHAVIS:  I have, Your Honor.
17          THE COURT:  And does she understand the rights she'll
18 be waiving by pleading guilty?
19          MS. CHAVIS:  She does.
20          THE COURT:  Is she capable of understanding the
21 nature of these proceedings?
22          MS. CHAVIS:  Yes.
23          THE COURT:  Do you have any doubt as to her
24 competence to plead at this time?
25          MS. CHAVIS:  I have no doubt.

1          THE COURT:  And have you advised her of the maximum
2  sentence and fine that can be imposed, and have you discussed
3  with her the operation of the sentencing guidelines?
4          MS. CHAVIS:  Yes, Your Honor.
5  Q    Okay, Ms. Owens, have you had an opportunity to discuss
6  your case with Ms. Chavis and are you satisfied to have her
7  represent you?
8  A    Yes.
9  Q    Have you received a copy of the indictment on this case?
10 A    Yes.
11 Q    Or the information, I guess, I'm sorry.  The information?
12 A    Yes.
13 Q    And have you reviewed it with Ms. Chavis and do you
14 understand it?
15 A    Yes.
16 Q    And do you understand the charge that you intend to plead
17 guilty to today?
18 A    Yes.
19         THE COURT:  Do you have a copy of the information,
20 Mr. Canty?
21         MR. CANTY:  Yes, Your Honor.
22         THE COURT:  Thank you.
23 Q    Okay, Ms. Owens, the first and most important thing that
24 you must understand is that you do not have to plead guilty,
25 even if you are guilty.  Under our system of law, the

Prosecutor has the burden of proving the guilt of a defendant beyond a reasonable doubt. And if the Prosecutor is unable to meet his burden of proof, the jury has the duty to find the defendant not guilty, even if she is guilty. Do you understand?

A    Yes.

Q    So that it sometimes happens in American courtrooms, a jury has returned a verdict of not guilty even though everybody in the courtroom knew that the defendant was guilty. What the jury was saying in those cases is not that the defendant was innocent, but rather that the Prosecutor had failed to meet his burden of proving that the defendant was guilty. Do you understand?

A    Yes, I do.

Q    So that is why I say, even if you are guilty you have a choice, you may plead guilty, as you apparently wish to do, or you may say to the Government, prove it, meet your burden of proving my guilt beyond a reasonable doubt. And the way you exercise that option is by saying not guilty when I ask you how do you plead, do you understand?

A    Yes.

Q    If you persistent in your plea of not guilty, under the Constitution and Laws of the United States you're entitled to a speedy and public trial by jury, with the assistance of counsel on the charges contained in the information. You have the

1 right to be represented by counsel and if necessary, have the
2 Court appoint counsel at trial in every other stage of the
3 proceeding. Do you understand?
4 A   Yes.
5 Q   At the trial you would be presumed innocent and the
6 Government would have to overcome that presumption, and prove
7 you guilty by competent evidence and beyond a reasonable doubt.
8 You would not have to prove that you were innocent. If the
9 Government were to fail the jury would have the duty to find
10 you not guilty. Do you understand?
11 A   Yes.
12 Q   By pleading guilty you are relieving the Government of the
13 burden of proving that you are guilty, and you're admitting
14 your guilt. Do you understand?
15 A   Yes.
16 Q   In the course of the trial, the witnesses for the
17 Government would have to come court and testify in your
18 presence, and your counsel would have the right to cross
19 examine the witnesses for the Government, to object to evidence
20 offered by the Government, to offer evidence on your behalf,
21 including the right to compel the attendance of witnesses. Do
22 you understand?
23 A   Yes.
24 Q   At a trial, while you would have the right to testify if
25 you chose to do so, you could not be required to testify.

1  Under the Constitution of the United States, a defendant in a
2  criminal case cannot be forced to take the witness stand at his
3  trial, and say anything that could be used to show that he is
4  guilty of the crime with which he is charged.  If you decide
5  not to testify, the Court would instruct the jury that they
6  could not hold that against you.  Do you understand?
7  A    Yes.
8  Q    If you plead guilty I will have to ask you questions about
9  what you did in order to satisfy myself that you are guilty of
10 the charge to which you seek to plead guilty.  And you'll have
11 to answer my questions and acknowledge your guilt.  Thus you
12 will be giving up the right that I have just described, that is
13 the right not to say anything that would show that you are
14 guilty of the crime with which you are charged.  Do you
15 understand?
16 A    Yes.
17 Q    If you plead guilty and I recommend that Judge Feuerstein
18 accepts your plea, you will be giving up your Constitutional
19 right to a trial and the other rights I have just described.
20 There will be no further trial of any kind and no right to an
21 appeal.  Judge Feuerstein will simply enter a judgment of
22 guilty on the basis of your guilty plea.  Do you understand?
23 A    Yes.
24 Q    Are you willing to give up your right to a trial and the
25 other rights I have just discussed?

A   Yes.

Q   Okay, you heard me mention to Ms. Chavis that I have been presented with a plea agreement which I've marked as Court Exhibit 1, have you reviewed that with Ms. Chavis and you understand it?

A   Yes.

Q   Does that accurately represent the agreement which you have reached with the Government?

A   Yes.

Q   Has anyone made any promises to you that have caused you to plead guilty?

A   No.

Q   Has anyone made any promises to you as to what your sentence will be?

A   No.

Q   Okay, Ms. Owens, I now want to discuss with you the sentencing scheme that is applicable here. It's my understanding that you intend to plead guilty to the one count information charging you with theft of benefit checks. That count carries the following statutory penalties. A maximum term of imprisonment of ten years, a minimum term of imprisonment of zero years, a minimum supervised release term of three years to follow any term of imprisonment, a maximum fine in the amount of $250,000, restitution in the amount of $87,403, a $100 special assessment, and criminal forfeiture as

set forth in paragraphs 5 and 6 of the plea agreement. Do you understand that?

A   Yes.

        MS. CHAVIS:  Your Honor, if I could just interrupt. I have had some discussions with the Mr. Canty about the restitution amount, and the fact that there may be some issue or my calculations may be different. We understand that that's, whatever the Court determines is going to be the correct amount of restitution, but I just wanted to make clear that we're not stipulating to that.

        THE COURT:  Okay.

        MS. CHAVIS:  The restitution amount, until we have an opportunity to really work out the numbers.

        THE COURT:  Okay.

Q   Okay, Ms. Owens, there are presently in effect sentencing guidelines. They're really rules of law that guide the District Court's discretion in imposing a sentence. The guidelines suggest how high a sentence can be imposed and how low a sentence can be imposed. Moreover, there may be factors present that would allow Judge Feuerstein to depart from the guidelines upwardly or downwardly. Until sentencing when the Court receives a presentence report, and the Court hears from you and your attorney, you cannot know with certainty what the sentence will be. Do you understand that?

A   Yes.

1  Q    Nonetheless, the Government has estimated the guidelines'
2  level, and if your plea of guilty is accepted, it will result
3  in adjusted offense level of 12, which is a recommended range
4  of imprisonment of 10 to 16 months.  It's also my understanding
5  that you've agreed to waive your right to appeal if you're
6  sentenced to a term of imprisonment of 16 months or less.  Is
7  that correct?
8  A    Yes.
9  Q    Do you understand all that?
10 A    I'm sorry?
11 Q    Do you understand all that?
12 A    Yes.
13 Q    Okay, Ms. Owens, do you have any questions you would like
14 to ask me about this charge or your rights or anything else
15 related to this matter?
16 A    No.
17 Q    Are you ready to plead?
18 A    Yes.
19           THE COURT:  Now, Ms. Chavis, do you know any reason
20 why the defendant should not plead guilty?
21           MS. CHAVIS:  No, Your Honor, I'm not aware of any
22 viable legal defenses to the charge.
23           THE COURT:  And are you aware of any legal defenses
24 to the charge?
25           MS. CHAVIS:  No, Your Honor.

1        THE COURT: I didn't hear whether you just said that.
2        MS. CHAVIS: Yes. Sorry, Your Honor.
3  Q    Okay, Ms. Owens, what is your plea to the one count
4  information charging you with theft of benefit checks?
5  A    Guilty.
6  Q    Are you making this plea of guilty voluntarily and of your
7  own free will?
8  A    Yes.
9  Q    Has anyone threatened or forced you to plead guilty?
10 A    No.
11 Q    Once again, has anyone made any promise to you as to what
12 your sentence will be?
13 A    No.
14 Q    Did you, Ms. Owens, as charged in that information, on or
15 about and between June 5th 2005 and March 15th 2011, within the
16 Eastern District of New York, did you knowingly and
17 intentionally steal, purloin, and convert to your own use,
18 money and things of value of an agency of the United States,
19 which exceeded the sum of $1,000, specifically approximately
20 $87,403 in benefit checks issued by the Social Security
21 Administration pursuant to the retirement survivors disability
22 insurance program?
23 A    Yes.
24 Q    Tell me in your own words what it is that you did that
25 makes you guilty of this charge?

1  A    I knowingly allowed Social Security benefits to be
2  deposited into a joint account that was intended for my
3  deceased father.
4  Q    Intended for whom?
5  A    My deceases father.
6  Q    Okay.  And when did you do that?  In that time frame 2005
7  to 2011?
8  A    Yes.
9  Q    And did you do that here on Long Island?
10 A    Excuse me?
11 Q    Where did you do that?
12 A    Suffolk County.
13          THE COURT:  Okay.  Is that allocution acceptable to
14 the Government?
15          MR. CANTY:  Yes, Your Honor.
16          THE COURT:  Based on the information given to me, I
17 find that the defendant is acting voluntarily, that she fully
18 understands her rights and the consequences of her plea.  And
19 that there is a factual basis for the plea.  I therefore will
20 recommend that Judge Feuerstein accept the plea of guilty to
21 the one count information.  Judge Feuerstein and Probation will
22 set a date for sentencing.
23          Anything else on behalf of the Government, Mr. Canty?
24          MR. CANTY:  No, thank you, Your Honor.
25          THE COURT:  Ms. Chavis?

15

1  MS. CHAVIS: No, Your Honor.
2  THE COURT: Anything on behalf of the defendant?
3  MS. CHAVIS: No, thank you, very much.
4  THE COURT: Okay, thank you folks.
5                      * * * * *
6                  **C E R T I F I C A T I O N**
7  I, **PATRICIA POOLE**, court approved transcriber,
8  certify that the foregoing is a correct transcript from the
9  official electronic sound recording of the proceedings in the
10 above-entitled matter.

_____
/S/ PATRICIA POOLE
TRACY GRIBBEN TRANSCRIPTION, LLC    DATE: April 25, 2014