

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MPC

*610 Federal Plaza*
*Central Islip, New York 11722*

July 15, 2014

<u>By ECF & Hand Delivery</u>

The Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
1014 Federal Plaza
Central Islip, NY 11722

        Re:    <u>United States v. Mona Owens
               Criminal Docket No. 13-233(SJF)</u>

Dear Judge Feuerstein:

        The government respectfully submits this letter in anticipation of the defendant Mona Owens' sentencing scheduled for July 16, 2014. The Presentence Investigation Report ("PSR") indicates that the Guidelines range of imprisonment applicable to the defendant is 10 to 16 months; the government agrees with the Probation Department's estimate. Further, the government respectfully submits this letter in opposition to the defendant's submission dated July 1, 2014 ("Def. Sub."), asking for the Court to find the loss amount under $70,000. (Def. Sub at 1).

## Background

        Between 2005 and 2011, the defendant unlawfully collected Social Security benefits initially intended for her living mother. Following her mother's death, benefits continued to be deposited into a bank account the defendant and her father controlled. Despite her mother's death, the defendant took no steps to inform the Social Security Administration of the misappropriation of these funds. <u>PSR</u> at ¶ 5. The defendant was formally added to the account in March 2007. The defendant's father died on April 6, 2007. Despite the fact that both her father and mother were deceased, and there was no reason for the defendant to be collecting Social Security benefits, payments in her mother's name continued being deposited in the account until 2011.

The defendant now claims that despite spending the money from the Social Security Administration, she is not responsible for the money deposited prior to March 2007 because she claims she was not aware of the deposits were improper before then. However, by her own admission, the total amount of benefits deposited into the account while she was an account holder totaled $72,823. (Def. Sub at 2).

## Argument

### I. Legal Standard

In <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

<u>Gall</u>, 552 U.S. at 49 (citation omitted). Next, a sentencing judge should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the judge] may not presume that the Guidelines range is reasonable. [The judge] must make an individualized assessment based on the facts presented." <u>Id.</u> at 49-50 (citation and footnote omitted).

### II.   The Loss Amount is in Excess of $70,000

The defendant requests that the Court find the loss amount under $70,000 because, according to the defendant, she should only be responsible for the money she received after she became aware of the misappropriation of funds. However, this logic fails to hold the defendant accountable for the money she unlawfully received and spent. By her own admission the defendant received $72,823 during the time she was named on the account. (Def. Sub at 2). After discovering that she was not entitled to these funds, the defendant took no action to remedy the situation. To the contrary, the defendant continued to spend the money on her own personal expenses for approximately four years. Therefore, the loss is at least $72,823 and no reduction in the Guidelines estimate is appropriate.

### III.   Consideration of the 3553(a) Factors

The nature and circumstances of the offense and the history and characteristics of the defendant call for a sentence within the advisory Guidelines range. 18 U.S.C. § 3553(a)(1). As stated above, the circumstances surrounding this offense are straight forward. The defendant, over the course of four years, stole over $70,000 from the government.

2

A Guidelines sentence is also warranted "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). This crime is serious. Social Security payments are intended for those who have rightfully earned the benefits so they can supplement other income in retirement. Moreover, for some, it is the only source of retirement income they have. When individuals like the defendant steal from the program, money is diverted from those who properly earned the benefits.

Adequate punishment, deterrence, and protection of the public also call for a Guidelines sentence. A Guidelines sentence will send a strong message of specific deterrence to this defendant and, more importantly, general deterrence to the community that this type of criminal conduct will be punished with a period of incarceration.

Additionally, the government objects to any motion for departure based on "Aberrant Behavior" under § 5K2.20 of the Guidelines. While the defendant has not had any prior contact with the criminal justice system, she continued this criminal conduct month and after month for a period of at least four years. This conduct cannot be described as being of "limited duration" as contemplated by the Guidelines.

## Conclusion

For the reasons described above, the government respectfully submits that the appropriate Guidelines calculation is 10-16 months and pursuant to the plea agreement takes no position where within the Guidelines range the sentence should fall.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:          /s/
          Michael P. Canty
          Assistant United States Attorney
          (718)-254-6490